On February 3, 1992, defendant-appellee Willie Richardson ("defendant") entered a plea of guilty on one count of attempted rape and one count of sexual battery. In a journal entry filed on February 28, 1992, the trial court sentenced defendant to concurrent prison terms of five to fifteen years for attempted rape and two years for sexual battery.
Pursuant to R.C. Chapter 2950, the department of rehabilitation and correction recommended to the trial court that defendant be adjudicated as being a sexual predator. On January 29, 1998, defendant filed a motion to dismiss his sexual predator determination hearing.
In a judgment entry and opinion filed on March 9, 1998, the trial court granted defendant's motion to dismiss without conducting a sexual predator hearing. In its opinion, the court stated, in part:
 In determining the constitutionality of the statute, it is clear that in the captioned cases the application would be retrospective in nature. See Revised Code § 2950.09(B)(1) and (C)(1). Thus, the Court must ascertain whether or not the rights affective are substantial or merely remedial. In this regard, this Court finds that the notification and reporting requirements attach new duties and disabilities to past transactions and, therefore, violate Article II, Section 28 of the Ohio Constitution. * * *
Plaintiff-appellant State of Ohio has filed the instant appeal, raising the following assignment of error for our review:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT FOUND THAT R.C. § 2950 VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
The Ohio Supreme Court recently addressed this issue in Statev. Cook(1998), 83 Ohio St.3d 404. Therein, the court found that the registration, verification and notification provisions of R.C. Chapter 2950 are remedial in nature and do not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution. Id. at 413-414.
Based upon the authority of State v. Cook, the State of Ohio's assignment of error is sustained. The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with R.C. Chapter 2950 and this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, P.J. and JAMES D. SWEENEY, J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D), and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E)unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 11, Section 2(A)(1).